IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

CARL C. FOSTER,

    Plaintiff,

v.

                              Case No. 2:14-cv-29205

JUDGE ANNE CHARNOCK,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

On December 2, 2014, the plaintiff, Carl C. Foster, filed a Complaint (ECF No. 2) and an Application to Proceed *in forma pauperis* (ECF No. 2). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

This is one of eight Complaints filed by the plaintiff in this federal court since August of 2014. The instant Complaint states as follows:

> On appeal from W. Va. Supreme Court. The initial charge was a Sixth Amendment violation which is evident because after almost a year I still haven't been to trial for a simple possession charge. Others charged with the same crime were given trial dates considerably sooner than my six month wait. Reprisal and Attainder I also allege.

(ECF No. 2 at 1). Thus, the plaintiff is essentially challenging the impartiality of a judicial officer in the performance of her judicial duties. However, the Complaint makes no specific request for relief.

## **STANDARD OF REVIEW**

Because the plaintiff is proceeding *pro se*, the court is obliged to construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Nevertheless, as the party asserting jurisdiction, the burden of proving subject matter jurisdiction lies with the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Rule 8(a) of the Federal Rules of Civil Procedure governs the requirements for stating a proper claim for relief:

> A pleading which sets forth a claim for relief . . . shall contain <u>1) a short and plain statement of the grounds upon which the court's jurisdiction depends</u>, unless the court already has jurisdiction and the claim needs no new grounds for jurisdiction to support it, 2) a short and plain statement of the claim showing that the pleader is entitled to relief, and 3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a) (Emphasis added). A district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n,* 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

Additionally, pursuant to 28 U.S.C. § 1915(e)(2)(B), because the plaintiff is proceeding without prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## ANALYSIS

### A.   Rooker-Feldman Doctrine.

First, this court is without jurisdiction to hear the plaintiff's claim under the *Rooker-Feldman* doctrine. The Supreme Court made clear in *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), that "federal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'" *Friedman's Inc. v. Dunlap*, 290 F.3d 191, 196-98 (4th Cir. 2002)(quoting *Jordahl v. Democratic Party of Va.,* 122 F.3d 192, 202 (4th Cir. 1997)); *Plyler v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997) (*Rooker-Feldman* applies when the federal action "essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court"). More recently, the Supreme Court reiterated that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

The Complaint specifically states that this matter is "[o]n appeal from the W. Va. Supreme Court." (ECF No. 2 at 1). Thus, although the Complaint does not specify the decision of the Supreme Court of Appeals of West Virginia (the "SCAWV") that he is challenging, it appears that he is requesting that this court review an unfavorable decision of the SCAWV concerning a civil action he filed against Municipal Judge Anne Charnock arising out of criminal proceedings against him.[1] Accordingly, the undersigned proposes

---

[1] As evident from documentation filed in one of the plaintiff's other civil actions filed in this court (Case No. 2:14-cv-24232), the undersigned takes judicial notice of the fact that the plaintiff filed a civil action in

4

that the presiding District Judge **FIND** that the plaintiff is challenging one or more unfavorable state court orders, and that this court's review of those decisions amounts to an appeal therefrom, and is barred by the *Rooker-Feldman* doctrine. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge dismiss the plaintiffs' Complaints for lack of jurisdiction under the *Rooker-Feldman* doctrine.

### B. Absolute Immunity.

Moreover, Judge Charnock is absolutely immune from liability under the doctrine of judicial immunity. Judicial immunity is a firmly rooted principle of law that shields judicial officers from civil suit for actions taken in exercise of their judicial functions. *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099 (1978). The primary policy that supports judicial immunity is also well-established. As early as 1872, the Supreme Court recognized that it is:

> [A] general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.

*Bradley v. Fisher*, 13 Wall. 335, 347, 20 L. Ed. 646 (1872).

The scope of judicial immunity is interpreted broadly. In *Bradley*, the Supreme Court held: "judges of courts of superior or general jurisdiction are not liable to civil

---

the Circuit Court of Kanawha County styled as *Foster v. Charnock*, Case No. 14-C-1321, in which he alleged that other people charged with crimes similar to his were given earlier trial dates by Judge Charnock. On August 11, 2014, the Honorable Charles E. King, Circuit Judge, dismissed Case No. 14-C-1321 pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Judge King found that Judge Charnock has judicial immunity for such claims. (*See* "Order Dismissing Case," *Foster v. Charnock,* No. 14-C-1321 (Kan. Co. Cir. Ct., Aug. 11, 2014) (also docketed in Case No. 2:14-cv-24232 in this court as ECF No. 8 at 11-12). The plaintiff appealed that decision to the SCAWV, which affirmed the dismissal on November 11, 2014. *See* "Order," *Foster v. Charnock*, No. 14-0901 (W. Va. Sup. Ct., Nov. 18, 2014) (also docketed in Case No. 2:14-cv-24232, ECF No. 8 at 20). The plaintiff then filed the instant civil action on December 2, 2014.

actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley*, 13 Wall. at 351.

The only exceptions to absolute judicial immunity are for non-judicial acts, or where the act is done in complete absence of jurisdiction. *Stump*, 435 U.S. at 360; *Bradley*, 13 Wall. at 351. (Id.) Even if the judge acted in error, he or she is still immune. *See Stump*, 435 U.S. at 356. "By the same token, the [Supreme] Court has stated that a judicial act 'does not become less judicial by virtue of an allegation of malice or corruption.'" *Forester v. White*, 484 U.S. 219, 227 (1988).

To the extent that the plaintiff's Complaint can be construed to be raising any specific factual allegations against Judge Anne Charnock, the actions by Judge Charnock challenged by the plaintiff were "judicial functions." Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Judge Charnock is entitled to absolute immunity from suit and, therefore, the plaintiff's claims against her must be dismissed.

## **RECOMMENDATION**

Based upon the proposed findings contained herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Complaint (ECF No. 2), in its entirety, pursuant to 28 U.S.C.§ 1915(e)(2)(B).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the

Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

October 27, 2017

Dwane L. Tinsley
United States Magistrate Judge